IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:15CR335-RAH |
| | ) | |
| WILLIE LEWIS JACKSON | ) | |

## **O R D E R**

Pending before the Court are the Motions for Compassionate Release and Sentence Reduction (*see* docs. 1044, 1044-2, 1086) under 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Willie Lewis Jackson.

As amended by the First Step Act, the statute allows a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines policy statements, *see* 18 U.S.C. § 3582(c)(1)(A)(i).

Jackson argues that his sentence is overly harsh and that his § 846 conspiracy conviction should not have served as a predicate for a career offender enhancement because the definition of a "controlled substance offense" omits conspiracy and other inchoate crimes.[1] Jackson contends that he is entitled to compassionate release

---

[1] Jackson initially asserted that his prior convictions do not qualify as enhancements. (Doc. 1044-2.) In his motion for reduction of sentence, Jackson concedes that manslaughter is a crime of violence and that his prior federal convictions qualify as controlled-substance offenses. (Doc. 1086 at 5.)

based on *Concepcion v. United States*, 597 U.S. 481, 484 (2022), in which the Supreme Court held that district courts may consider "intervening changes of law" in adjudicating a First Step Act motion. He also points to *United States v. Dupree*, which held that the definition of a "controlled substance offense" in the career offender provision of the Sentencing Guidelines, *see* § 4B1.1(a), does not include inchoate offenses because the plain text of § 4B1.2(b) unambiguously excludes inchoate crimes as an intervening change.[2] 57 F.4th 1269, 1279 (11th Cir. 2023).

> The career offender provision provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The guidelines in turn define a "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense . . . .

---

[2] In *Dupree*, the Eleventh Circuit held that, in light of the Supreme Court's decision in *Kisor v. Wilkie*, 588 U.S. 558 (2019), a court may not defer to the commentary in the sentencing guidelines unless the text of the guideline is itself "genuinely ambiguous." *Id.* at 1274–76. The Court explained that, although the commentary to § 4B1.2 stated that the term "controlled substance offense" included inchoate offenses, because the text of § 4B1.2 itself unambiguously excluded inchoate offenses, a court could not rely on the commentary. *Id.* at 1277–79.

*Id*. § 4B1.2(b)(1). Further, the current guidelines provide that the term "controlled substance offense" includes "conspiring to commit any such offense." *Id*. § 4B1.2(d).

At the time of Jackson's sentencing in this case, the commentary in Application Note 1 to § 4B1.2 stated that the term "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." § 4B1.2, cmt. n.1. Binding Eleventh Circuit precedent at the time of Jackson's sentencing considered this commentary to be a "binding interpretation" of the term "controlled substance offense" and interpreted § 4B1.2(b) in light of the commentary. *See United States v. Lange*, 862 F.3d 1290, 1294 (11th Cir. 2017); *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995).

The Eleventh Circuit's interpretation changed. On January 18, 2023, the Eleventh Circuit determined that *Smith* and *Lange* were "wrong" to interpret § 4B1.2(b) in light of the commentary. *United States v. Dupree*, 57 F.4th 1269, 1279 (11th Cir. 2023) (en banc). The Eleventh Circuit found that "the text of § 4B1.2(b) unambiguously exclude[d] inchoate crimes" from the definition of a controlled substance offense, and thus there was "no need to consider, much less defer to, the commentary in Application Note 1." *Id*. Based on its holding "that the definition of 'controlled substance offense' in § 4B1.2(b) [did] not include inchoate offenses" such as conspiracy, the Eleventh Circuit found that a previous conviction for

conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 was not a controlled substance offense under the career offender enhancement. *Id*. at 1271, 1280.

Citing *Dupree*, Jackson argues that his offense of conviction for conspiracy with intent to distribute cocaine in violation of 21 U.S.C. § 846 is not a "controlled substance offense" as defined in §4B1.2(b). Thus, Jackson contends that he is not a career offender under the Guidelines.

To the extent the § 846 conspiracy offense contributed to Jackson's career offender status at sentencing, *Dupree* does not offer Jackson the relief he seeks. The case of "*Dupree* was decided by the Eleventh Circuit Court of Appeals – not the Supreme Court – [around six] years after [Jackson] was sentenced in [April 2017]; there has been no recognition by the Supreme Court of a newly recognized right regarding the definition of a 'controlled substance offense' in the Sentencing Guidelines as set forth in *Dupree* that has been made retroactively applicable on collateral review." *Wallace v. United States*, No. CV 623-20, 2023 WL 5498992 (S.D. Ga. July 25, 2023) (citing *In re Boyd*, No. 23-10705, 2023 U.S. App. LEXIS 6824, at *3 (11th Cir. Mar. 21, 2023) (explaining change to U.S. Sentencing Commissioner's amendment of career offender guideline is not a new rule of constitutional law and *Dupree* is a decision of the Eleventh Circuit, "not a retroactively applicable decision of the U.S. Supreme Court")); *United States v. Lee*,

No. 8:18cr572, 8:20cv140, 2023 WL 1781648, at *3 (M.D. Fla. Feb. 6, 2023)).

Therefore, *Dupree* cannot at this time be retroactively applied to Jackson's case.

Jackson also argues that his post-conviction behavior weighs in favor of release. He asserts that he is 54-years old, has served over ten years of his prison sentence with no infractions, has completed several educational programs, has maintained a consistent FBOP work record, has the support of his family and fiancée, and has an appropriate release plan.

Jackson's clean disciplinary record, program completion, and work history are commendable. The problem is these achievements are not "extraordinary or compelling" reasons justifying compassionate release. For example, rehabilitation alone is not an extraordinary and compelling reason justifying a sentence reduction. *See*, *e.g.*, *United States v. Elie*, 739 F. Supp. 3d 1032 (M.D. Fla. 2024). *See also* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). Likewise, Jackson's age, without more, does not independently support release. *See* U.S.S.G. § 1B1.13(b)(2) (policy statement regarding deterioration in physical or mental health and a substantial portion of the sentence served for a defendant age 65 or older). Furthermore, even if Jackson did show a qualifying circumstance — which he does not — the balancing of the factors set forth in 18 U.S.C. § 3553(a) do not favor release.

Accordingly, it is

ORDERED that Jackson's Motions for Compassionate Release and Sentence Reduction (docs. 1044, 1086) are DENIED.

DONE, on this 20th day of July 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE